UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS TURNER,<br><br>          Plaintiff,<br><br>     v.<br><br>LAUREL S. BRADY, et al.,<br><br>          Defendants. | Case No. 22-cv-03630 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, who is currently confined at West County Detention Facility, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

**DISCUSSION**

A.   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff is asserts that his civil rights are being violated in connection with state criminal proceedings. Dkt. No. 1 at 2-3. Plaintiff asserts that his claims involve "ineffective counsel, misconduct, discrimination, court conspiracy, terrorism/torment, attorney malpractice, neglect [and] pain [and] suffering by both courts supreme [and] district." *Id.* at 3. Plaintiff names the following as defendants: Judge Laurel S. Brady and District Attorney Angela Lyddan. *Id.* at 2. Plaintiff seeks damages and for "charges dismissed immediately for court technicality." *Id.* at 3.

Plaintiff filed a previous action in this district against the same Defendants, among others, making the same allegations as in the instant complaint and seeking damages. The previous action, *Turner v. Contra Costa County Supreme Court, et al.*, Case No. 22-cv-03397 BLF ("*Turner I*"), was dismissed as several of the named defendants were immune from civil liability and the remaining claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.*, Dkt. No. 14 at 4-5. Two of the defendants in this earlier action included Defendants Brady and Lyddan, who are both immune from civil liability in their respective roles as judge and prosecutor. *Id.* at 3.

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. An *in forma*

*pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Here, Plaintiff's underlying case is duplicative of *Turner I* because the two suits arise out of the same transactional nucleus of facts, *i.e.*, the allegedly unconstitutional conviction or imprisonment, and defendants in both cases are parties or privies to the action. *See Adams*, 487 F.3d at 689. As this case is duplicative of *Turner I*, the instant action will be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED as duplicative. The Clerk shall terminate all pending motions, including Docket No. 8, and close the file.

**IT IS SO ORDERED.**

Dated: ___November 29, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.22\03630Turner_dism(duplicative)

3